IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kent Pivonka, James Smith,  Plaintiffs, v. Allstate Ins. Co., Allstate Property & Casualty Co., Defendants. | 2:11-cv-1759-GEB-CKD  ORDER GRANTING ALLSTATE'S MOTION TO COMPEL APPRAISAL AND STAY THE CASE |

Defendants Allstate Insurance Company and Allstate Property and Casualty Company (collectively, "Allstate") move for an order which compels the parties to proceed with appraisal and stays this action pending conclusion of the appraisal process, or in the alternative, that dismisses the complaint. Allstate argues that the appraisal remedy in each Plaintiff's insurance policy should be exhausted before proceeding with this lawsuit. (Mot. 1:19-21; 2:7-9.) Plaintiffs counter that their declaratory relief claim must be decided before appraisal is ordered. (Opp'n 2:16-18.)

**I. ALLSTATE'S REQUEST THAT EVIDENCE BE CONSIDERED**

Allstate's motion is accompanied by a request for judicial notice ("RJN") which contains each Plaintiff's insurance policy and Allstate's appraisal demand letters (ECF No. 16.) The request is unopposed and is granted "under the 'incorporation by reference' doctrine, which permits . . . tak[ing] into account documents whose

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation and citation omitted). This doctrine has been "extended . . . to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id. Allstate also offers in support of its appraisal motion an email correspondence attached to the declaration of Allstate claim adjuster Catherine Smith. Plaintiffs did not file an opposition to this evidence, and during the hearing on the motion Plaintiffs only questioned the weight this evidence should be given. This evidence is considered since it contravenes Plaintiffs' argument that declaratory relief must issue before appraisal, for the purpose of resolving the parties alleged disagreement about the interpretation of California law concerning how to determine the actual cash value of each Plaintiff's lost or damaged property.

## II.  BACKGROUND

Each Plaintiff alleges in the complaint that he is insured under an Allstate Homeowners Insurance policy and suffered damage or loss to his dwelling and personal property as a result of a fire. (Compl. ¶¶ 22, 38.) Each Plaintiff also alleges he submitted personal property claims to Allstate and that "Allstate failed to pay Plaintiff lost value that it should have paid under the policy and applicable law." Id. ¶ 36, 52. Each Plaintiff's insurance policy has the following appraisal provision, which is required by California Insurance Code section 2071:

> In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the request. Where the request is accepted, the appraisers shall first select a competent and disinterested umpire . . . . Appraisal proceedings are informal unless the insured and this Company mutually agree otherwise. For purposes of this section, "Informal" means that no formal discovery shall be conducted, including depositions, interrogatories, requests for admission, or other forms of formal civil discovery, no formal rules of evidence shall be applied, and no court reporter shall be used for the proceedings. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. . . .

(RJN Ex. A-5 at 4.) Further, each insurance policy contains a provision prescribing that a lawsuit against Allstate is prohibited "unless there has been full compliance with all policy terms." (RJN Ex. A-3 at 18.) After Plaintiffs filed this lawsuit, Allstate sent letters to both Plaintiffs stating: "Because [Plaintiffs] and Allstate apparently have a dispute as to the actual cash value or the amount of loss, Allstate is invoking the appraisal clause." (RJN Exs. B, C.)

Plaintiffs allege in their declaratory relief claim: "A dispute has arisen between Plaintiffs and Defendants as to whether California Insurance Code and Regulations thereunder prohibit Allstate from calculating depreciation based on a secret, standardized schedule rather than the actual physical condition of the property[;]" and "whether the California Insurance Code and Regulations thereunder prohibit Allstate from concealing its depreciation method from its policy holders." (Compl. ¶¶ 62, 63.) Plaintiffs allege in their breach of contract claim that Allstate breached the contract, *inter alia*, "by

3

failing to justify the basis for its depreciation, and by failing to pay the actual cash value of the lost property as a result of the excessive depreciation determined by Allstate standardized claims handling procedures." (Compl. ¶ 71.) Further, Plaintiffs allege in their breach of the implied covenant of good faith and fair dealing claim, *inter alia*, that Allstate breached this covenant by "representing falsely that the amount set forth in its settlement was the 'actual cash value' of personal property when Allstate knew it was not" and that Plaintiffs are entitled to punitive damages because of Allstate's "derogation of its duty of good faith to its policy holders . . . ." (Compl. ¶¶ 77, 80.) Finally, Plaintiffs allege in their unfair competition claim that Plaintiffs "seek an order from the court enjoining Allstate . . . from participating in the acts alleged" including breaching the insurance contracts and the covenant of good faith and fair dealing and violating the California Insurance Code and Regulations. (Compl. ¶¶ 85-87, 90.)

Allstate argues that "the statutorily-mandated appraisal clause . . . requires exhaustion of the appraisal process to determine the amount of the loss before any lawsuit may proceed" because the allegations in Plaintiffs' complaint "raise a dispute over the actual cash value and the amount of the loss, [and] Allstate has invoked its right to submit that dispute to appraisal under the Policies." (Mot. 1:19-21, 5:20-21.) Further, Allstate argues: "A panel of experienced personal property appraisers does not need direction on how depreciation should be calculated; that is part of their task in determining the 'actual cash value' of each item. Hence, regardless of whether the Court agrees with Allstate's claim adjusting practices, appraisal will still be necessary." (Mot. 9:27-28, 10:1-3.)

Plaintiffs respond that two recently decided California

appellate cases – Kirkwood v. Cal. State Auto. Inter-Ins. Bureau, 193 Cal. App. 4th 49 (2011) and Doan v. State Farm Gen. Ins. Co., 195 Cal. App. 4th 1082 (2011) – hold that "the appraisal process normally required under California Insurance Code section 2071 should be deferred until after the declaratory relief issues have been decided." (Opp'n 1:26-2:5.)

Allstate disagrees, arguing Doan and Kirkwood are inapplicable because unlike the parties in those cases, "the parties here do not have a dispute about the standard that governs appropriate depreciation — and indeed Allstate quoted from the standard in pre-litigation correspondence." (Mot. 13:16-21.) The referenced pre-litigation correspondence is the following email to Plaintiff James Smith:

> As you are aware, under the State of California's Department of Insurance regulations, an insurer must consider the age and condition of an item during its evaluation. The damaged/destroyed items were input in to the estimate using an average condition however, if you can substantiate that the items were in better than average condition, please submit this information to me.

(C. Smith Decl. Ex. A).

Further, Plaintiffs argue in opposition to Allstate's motion:

> It will waste judicial resources to force an appraisal process governed by an appraisal and adjustment procedure that Plaintiffs contend violates California law . . . no matter what the appraisal process determines, because . . . the appraisers cannot determine whether Allstate's conduct — specifically its concealed practices in the calculation of depreciation — complies with California law. (Opp'n 10:26-28, 11:1-6.)

Allstate counters Plaintiffs' argument that appraisal should not be ordered, arguing:

> Plaintiffs do not dispute that an appraisal will need to take place in this case at some point. They have accused Allstate of 'systematically overstat[ing] depreciation' on their personal property claims, resulting in an alleged

5

>underpayment. It will be impossible for them to substantiate such a theory of liability unless an appraisal determines that Allstate did in fact pay less than the actual cash value or the amount of the loss. The question here is whether the Court should exercise its discretion to delay appraisal in order to make a ruling on the standard that governs the calculation of depreciation-even though the outcome of the appraisal process may obviate the need for any such ruling. . . .
>    Delaying appraisal would be especially incongruous here, to the extent that the parties already agree on the legal standard governing depreciation calculations in California. . . .
>    Moreover, appraisal might confirm that Plaintiffs' claims have been fully (or over) paid, in which case Plaintiffs will lack standing to maintain any of their legal claims for relief, and further litigation would be a complete waste of time. On the other hand, if an appraisal reveals that Allstate has undervalued Plaintiffs' claims and if Allstate did so unreasonably, then Plaintiffs will be free to attempt to pursue bad faith claims at that point. In any event, the Court should exercise its discretion to order that appraisal take place now, not later. (Reply 1:2-9, 1:11-12, 2:5-10.)

### III.  DISCUSSION

The Doan and Kirkwood appellate decisions discussed "[t]he trial court's discretion to consider declaratory relief extend[ing] to cases . . . where a statutory construction question lies at the heart of the parties' dispute[,]" and "deferring the appraisal until the [statutory] interpretation issues are resolved." Doan, 195 Cal. App. 4th at 1098 and 1101 (citing Kirkwood, 193 Cal. App. 4th at 59 and 60). The issue before Doan and Kirkwood was the following: "Must a party submit to an appraisal under [California Insurance Code] section 2071 prior to obtaining a judicial determination of the meaning of [California Insurance Code] section 2051?" Doan, 195 Cal. App. 4th at 1102 (citing Kirkwood, 193 Cal. App. 4th at 60).

"Since its inception, the [federal] Declaratory Judgment Act has been understood to confer on federal courts unique and substantial

discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 243 (1952).

Plaintiffs in the instant case have not presented facts and "circumstances" involving any statutory or regulatory "controversy" between the parties which should be decided before appraisal. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

> In considering whether to hear a claim for declaratory relief, courts consider two criteria: (1) if the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) if it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. . . . [I]f a claim for declaratory relief presents merely factual questions that will not terminate the dispute between the parties, it may be appropriate to decline [issuing declaratory relief].

Celador Intern. Ltd. v. Walt Disney Co., 347 F. Supp. 2d 846, 857 (C.D. Cal. 2004) (internal citations and quotations omitted); see also United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (finding "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties").

Here, the record presents factual disputes concerning whether

7

1 Allstate failed to pay the actual cash value of the subject property,
2 and falsely represented that the amount set forth in its settlement was
3 the "actual cash value." The gravamen of each pled claim depends on
4 resolution of these factual disputes.

> By the plain language of the insurance policy, it is immaterial that [Plaintiffs] believe[] the cause of the disagreement concerning the actual cash value is Allstate's alleged use of an improper valuation method. The contract makes no exception where the source of the dispute is the valuation method used: so long as the parties 'fail to agree as to the actual cash value or amount of loss,' the appraisal remedy is triggered at the request of either party.

Enger v. Allstate Ins. Co., 407 Fed. Appx. 191, 193 (9th Cir. 2010). Although Plaintiffs make the conclusory argument that statutory and regulatory questions have to be clarified before these factual disputes are decided, this argument is based on unsupported contentions and does not show the need to clarify the parties' legal relations before appraisal is ordered. See Enger, 407 Fed. Appx. at 192 (discussing the plaintiff's claims and finding the claims were "based on [factual] allegations that [Allstate] improperly undervalued her damaged personal property," "[d]espite [the plaintiff's] attempts to characterize her suit as raising issues of statutory interpretation warranting declaratory relief"); Gibson v. Liberty Mut. Group, Inc., 778 F. Supp. 2d 75, 79 (D.D.C. 2011) (stating when the asserted declaratory relief claims "are purely factual ones regarding proper compliance with the [insurance] policy, the method used to calculate the losses, and the ultimate value of the losses[, the] questions are not appropriate for declaratory relief but are best reserved for the finder of fact").

Therefore, Allstate's motion for appraisal and stay is GRANTED. This case is stayed pending the conclusion of the appraisal process. The parties shall file a joint status report within fifteen

1  (15) days of the conclusion of the appraisal process.

2  Dated: December 9, 2011

```
                           _____
                           GARLAND E. BURRELL, JR.
                           United States District Judge
```